**Albert SMITH, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1351.**

United States Court of Veterans Appeals.

Sept. 22, 1992.

Albert Smith, pro se.

Robert E. Coy, Acting General Counsel, Barry M. Tapp, Asst. General Counsel, Thomas A. McLaughlin, Deputy Asst. General Counsel, and Joan E. Moriarty were on the pleadings for appellee.

Before MANKIN, HOLDAWAY and STEINBERG, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Albert Smith, appeals an October 19, 1990, decision of the Board of Veterans' Appeals (BVA or Board), which determined that additional evidence received since a previous, final, decision of the BVA was not "new and material" and, therefore, did not establish "a new factual basis warranting service connection for valvular heart disease."

## BACKGROUND

Appellant was inducted into the Army on July 14, 1943. His induction physical showed no defects, and he reported for active duty on July 28, 1943. On August 26, 1943, he entered the hospital with headaches, precardial pain, and palpitations. The history taken by the examining physician indicated the condition had existed for five years, and that appellant became dizzy and felt pain around the heart whenever he exercised or felt overheated. The physician's notation continues: "These conditions have been aggravated since induction. He feels that army life, with drilling and hiking is too strenuous for his condition." The physician did not note whether the aggravation he referred to was caused, temporarily, by the drilling and hiking or was of a permanent nature. In any event, appellant was discharged on October 2, 1943, with a diagnosis of valvular heart disease and mitral stenosis (a condition in which the mitral valve is abnormally narrow, see WEBSTER'S MEDICAL DESK DICTIONARY 443 (1986)). The board of medical officers, recommending discharge, specifically found that the condition existed prior to induction into active service and was not aggravated by service.

In 1946, appellant applied to the Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) for compensation on the basis that his heart condition was caused by service. His claim was denied because of his short period of service prior to hospitalization, and because his blood pressure was the same upon induction as upon discharge. Appellant did not appeal this determination but subsequently sought to reopen his claim on a number of occasions.

Eventually, appellant appealed one of the claims to the BVA. On January 7, 1986, the BVA rendered a decision which stated

that because the June 1946 decision of the VARO was not appealed it was therefore final, and that the evidence received since that decision established no new and material facts sufficient to warrant reopening.

Appellant submitted more physician's reports and clinical notes, and a letter dated January 31, 1986, from his physician, detailing the treatment appellant was receiving. In a rating decision of February 19, 1986, the VARO again denied appellant's claim because the evidence was not new and material to establish service connection for a heart condition. Appellant again appealed to the BVA. A hearing was conducted on June 4, 1986. In a decision rendered on January 21, 1987, the BVA once again determined that there was "still no objective evidence that valvular heart disease had its onset or was aggravated while the veteran was in service."

Since the 1987 BVA decision, appellant has submitted lay statements regarding his pre-service health; his own statements; testimony at a hearing before the Rating Board held on April 5, 1990; additional copies of service records, and medical records regarding his current condition. On October 19, 1990, the BVA once again determined appellant had not established a new factual basis to warrant service connection.

## ANALYSIS

■ A BVA decision that is otherwise final may not be reopened and reconsidered unless new and material evidence has been submitted. 38 U.S.C. § 7104(b) (formerly § 4004(b)); 38 U.S.C. § 5108 (formerly § 3008). *See Manio v. Derwinski*, 1 Vet. App. 140 (1991); and *Colvin v. Derwinski*, 1 Vet.App. 171 (1991).

■ Upon an examination of the evidence of record, it is clear that there has been no new and material evidence submitted since the 1987 BVA decision. The medical records from August 1989 provide evidence of treatment of a current condition, but do not relate that condition to appellant's World War II military service. The lay statements were, correctly, noted by the BVA to be cumulative in nature and are therefore not new. Duplicate copies of the service medical records previously in the file are, of course, not new. The BVA reviewed the "new" evidence in the context of *all* the evidence, old and new, and concluded that it was not new and material. This was a conclusion of law with which we entirely agree.

Because appellant has not submitted new and material evidence, there was no basis for reopening the claim. The decision of the BVA is AFFIRMED.